IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-423-FL-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SAMUEL MANU AGYAPONG, a/k/a Sammy Tuga, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's motions to dismiss counts seven and 22 of the second superseding indictment (DE 442, 443). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that defendant's motions be denied. (DE 482). Defendant timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motions are denied.

## BACKGROUND

Second superseding indictment filed August 19, 2020, charges defendant with conspiracy to commit marriage fraud, in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 371 ("count seven"); unlawful disposition of United States property, in violation of 18 U.S.C. § 641 ("count 22"); obstructing, influencing, and impeding an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) ("count 23"); influencing, delaying, or preventing the testimony of a person in official proceeding, in violation of 18 U.S.C. § 1512(b)(1) ("count 24"); altering, destroying, or concealing an object from an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(B) ("count 25");

conspiracy to commit marriage fraud, in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 371 ("count 26"); marriage fraud and aiding and abetting, in violation of 8 U.S.C. §§ 1325(c) and 2 ("count 27"); fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546(a) ("count 28"); and making a false statement, in violation of 18 U.S.C. § 1001 ("count 29").

On March 19, 2021, defendant filed the instant motions to dismiss count seven, or alternatively to sever the alleged multiple conspiracies charged therein, and to dismiss count 22 on statute of limitations grounds. The government responded in opposition April 19, 2021. In the meantime, defendant pleaded not guilty to all counts at arraignment, and the court set trial in this matter to commence June 28, 2021.

On May 17, 2021, the magistrate judge entered M&R, recommending denial of defendant's motions to dismiss. Defendant filed objections May 31, 2021.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.	Analysis

Defendant objects to the magistrate judge's determination that count seven is not duplicitous, arguing that count seven fails to allege: 1) sufficient interdependence among the alleged co-conspirators and 2) sufficient overlap in nature, time period, and membership of the alleged conspiracy. Defendant also objects to the magistrate judge's finding that joinder in count seven is proper, arguing that count seven fails to allege a substantial identity of facts or participants. The magistrate judge thoroughly and cogently addressed these arguments in the M&R. (M&R (DE 482) at 2-9). Upon de novo review, the court adopts the analysis of the M&R. The court writes separately to address arguments raised in defendant's objections.

1.	Duplicity

"An indictment is duplicitous if it charges two offenses in one count, creating the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." United States v. Robinson, 855 F.3d 265, 269 (4th Cir. 2017) (citations omitted)). In that event, "a jury would not unanimously agree on the offense that the defendant committed, violating the defendant's Sixth Amendment right to a unanimous verdict." Id. at 269-70 (citing United States v. Kakos, 483 F.3d 441, 444 (6th Cir. 2007)). Importantly, "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for [t]he conspiracy is the crime, and that is one, however diverse its objects." Braverman v. United States, 317 U.S. 49, 54 (1942) (internal citations and quotations omitted). Therefore, the issue presented by this case is whether count seven alleges a single conspiracy to commit multiple crimes, or whether it impermissibly alleges multiple conspiracies.

"A single conspiracy exists where there is one overall agreement, or one general business venture." United States v. Leavis, 853 F.2d 215, 218 (4th Cir.1988) (citations omitted). "Whether

3

there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals." Id. (citations omitted). In addition, there must be "interdependence among the alleged coconspirators", which "is established when the activities of alleged co-conspirators in one aspect of the charged scheme are necessary or advantageous to the success of the activities of co-conspirators in another aspect of the charged scheme, or the success of the venture as a whole." United States v. Stewart, 256 F.3d 231, 250 (4th Cir. 2001) (citations omitted). "[A] pattern of mutual cooperation between participating individuals demonstrates the requisite level of interdependence to support a conspiracy." Id. at 251 (citing United States v. MacDougall, 790 F.2d 1135, 1146 (4th Cir.1986)).

Defendant first argues that count seven fails to allege sufficient interdependence among the alleged co-conspirators. According to defendant, the five "sham" marriages alleged in count seven existed independently of each other, and the success of one alleged "sham" marriage had no bearing on the others. Defendant's argument is unpersuasive for multiple reasons. First, the success of the alleged marriages allowed the alleged co-conspirators to continue recruiting potential spouses, and it encouraged others to participate in the alleged scheme, furthering the alleged conspiracy's overall goal. Second, count seven alleges the requisite pattern of mutual cooperation. Specifically, co-defendant Ebenezer Asane ("Asane") allegedly solicited an individual named "S.T.H." to marry his cousin; thereafter, while defendant was traveling with S.T.H., defendant cooperated by allegedly stopping his vehicle and instructing S.T.H to go with co-defendant Asane so that she could marry one of the individual's in co-defendant Asane's vehicle. (2d Superseding Indictment (DE 240) at 20). Moreover, co-defendant Asane cooperated by allegedly providing a list to co-defendants William Ballard ("Ballard") and Yemisi Opaso ("Opaso"), in order to prepare them for their marital interview with United States Citizenship and

4

Immigration Services. (Id. at 21). After the interview successfully concluded, co-defendant Ballard cooperated by allegedly recruiting co-defendant Kevyn Ward ("Ward"), who allegedly recruited co-defendant Christopher Urquia ("Urquia") by "pitch[ing] the sham marriage scenario." (Id. at 22). Finally, co-defendant Urquia allegedly engaged in a civil marriage ceremony with co-defendant Solace Kwakye, at which ceremony co-defendant Ward cooperated by serving as a witness. (Id. at 22-23). These alleged acts evince a pattern of mutual cooperation, sufficiently establishing interdependence among alleged co-conspirators.

Next, defendant argues that count seven fails to allege sufficient overlap in the nature, time period, and membership in the alleged conspiracy. This argument also fails. Regarding nature, count seven alleges a common objective of "induc[ing] United States citizens to enter into sham marriages with foreign-born nationals for the purpose of evading the United States immigration laws and obtaining lawful permanent residence status for otherwise inadmissible foreign-born nationals." (Id. at 15). There is sufficient overlap in time period also, where the conspiracy allegedly began in 2015 and continued through the date of the indictment. (Id.). Defendant's argument that the delay between the first alleged sham marriage in 2015 and the second alleged sham marriage in 2017 evinces separate conspiracies in unpersuasive, where count seven alleges the conspiracy's ongoing nature. See Leavis, 853 F.2d at 218 ("Leavis also contends that an eight-month gap in overt acts by the conspiracy between that importation and the resumption of activities in the spring of 1986 demonstrates the existence of two separate conspiracies. This argument must also fail . . . Our focus must be not on the timing of the conspiracy's operations, but on whether it functioned as an ongoing unit."). Finally, there is sufficient overlap in membership, where defendant's best friend, co-defendant Asane, allegedly was involved in four of the five marriage schemes, including the scheme involving defendant and S.T.H.; defendant was allegedly involved

in two of the marriage schemes; and co-defendant Ballard was allegedly involved in two of the marriage schemes, which also allegedly involved co-defendant Asane. (2d Superseding Indictment (DE 240) at 18-23).

In sum, the court finds that count seven alleges sufficient interdependence and overlap in nature, time period, and membership, to present the issue of single or multiple conspiracies to the jury. See United States v. Urbanik, 801 F.2d 692, 695 (4th Cir. 1986) ("[T]he question whether the evidence shows a single or multiple conspiracies is for the jury."); see also United States v. Berlin, 707 F. Supp. 832, 837 (E.D. Va. 1989) ("[I]f the indictment as drawn would permit the government to prove a set of facts that would support a finding of one conspiracy, then the indictment is proper and the decision as to how many conspiracies existed is for the jury.").

2. Misjoinder

Defendant also argues that count seven constitutes misjoinder. Federal Rule of Criminal Procedure 8(b) permits joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Separate acts constituting separate offenses are sufficiently related to be within the same series if they arise out of a common plan or scheme." United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987) (citations omitted). In addition, "[t]here must be a series of acts unified by some substantial identity of facts or participants." Id.

As discussed above, count seven alleges a single conspiracy rather than multiple conspiracies. However, even assuming it alleges multiple conspiracies, defendant is properly joined with his co-defendants because there is a substantial identity of facts and participants. Defendant and his co-defendants allegedly participated in a common scheme involving sham marriages between foreign born nationals and United States citizen soldiers. (2d. Superseding

Indictment (DE 240) at 15-17). Through these alleged sham marriages, the foreign-born nationals became lawful permanent residents, while the United States citizen soldiers received marital benefits such as basic allowance for housing from the United States military. (Id.). And as stated in more detail above, defendant and his co-defendants allegedly engaged in a pattern of mutual cooperation in furtherance of the marriage fraud scheme. Therefore, joinder was proper.[1]

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the M&R (DE 482) and DENIES defendant's motions to dismiss. (DE 442, 443).

SO ORDERED, this the 3rd day of June, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] In addition, finding no clear error in the determination in the M&R regarding defendant's motion to dismiss count 22, to which defendant does not raise specific objection, the court adopts the analysis of the M&R as to that motion to dismiss.