IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-423-FL-5

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| SAMUEL MANU AGYAPONG, a/k/a | ) | |
| "Sammy Tuga," "AG" | ) | |
| | ) | |
| Defendant. | | |

This matter came before the court for trial commencing June 28, 2021. The court memorializes herein reasons for allowing certain exhibits to be admitted into evidence, over defendant's objection.

At trial, the government moved to admit the following exhibits into evidence: co-defendant Barbara Oppong's Application to Register Permanent Residence Status, Form I-485 ("government's exhibit eight"); Petition to Remove Conditions on Residence, Form I-751 ("government's exhibit ten"); and Application for Naturalization, Form N-400 ("government's exhibit 11") (collectively "the immigration applications"), as well as a letter in support of an immigration application, included in Joshua Asane's[1] alien file ("government's exhibit 45" or "letter in support"). Defendant objected, on grounds that admitting the immigration applications, or more specifically the certifications contained therein, as well as the letter in support, violated the Confrontation Clause of the Sixth Amendment.[2]

---

[1] Joshua Asane was charged in related case United States v. Asane, No. 5:20-CR-349-FL-1.

[2] Defendant does not object to admissibility on hearsay grounds.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. This clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 68 (2004). "Inherent in this rule, however, is the limitation that a statement must be 'testimonial' to be excludable under the Confrontation Clause." United States v. Cabrera-Beltran, 660 F.3d 742, 751 (4th Cir. 2011) (citation omitted).

To define the term "testimonial", the United States Supreme Court provided the following formulations of what it referred to as a "core class of testimonial statements":

> ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially;
>
> extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; [and]
>
> statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

Crawford, 451 U.S. at 50-51 (internal quotations and citations omitted). Based upon these formulations, the United States Court of Appeals for the Fourth Circuit concluded that "the common nucleus of the core class of testimonial statements is whether a reasonable person in the declarant's position would have expected his statements to be used at trial—that is, whether the declarant would have expected or intended to bear witness against another in a later proceeding." Cabrera-Beltran, 660 F.3d at 752.

Subsequently, in Melendez-Diaz, the Supreme Court considered whether "certificates of analysis", which reported that a white substance seized from defendant's vehicle was cocaine, were "testimonial" under the standard set forth in Crawford. 557 U.S. 305, (2009). Relying heavily on the fact that the certificates' "sole purpose" "was to provide prima facie evidence" in a criminal trial, the Supreme Court held that the certificates of analysis were testimonial. Id. at 311. The plurality rejected the argument that the certificates' classification as business records insulated them from Confrontation Clause concerns, explaining that while business records "are generally admissible absent confrontation . . . because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial," that is not so where the business records were "prepared specifically for use at petitioner's trial." Id. at 324. Based on this reasoning, "[the Fourth Circuit] ha[s] understood Melendez-Diaz to establish the principle that a business record is 'testimonial' only if the record was created primarily for the purpose of 'proving some fact at trial.'" Owens v. Stirling, 967 F.3d 396, 419 (4th Cir. 2020) (emphasis in original).

Here, unlike the certificates of analysis in Melendez-Diaz, the immigration applications, the certifications contained therein, and the letter in support were not prepared primarily for proving a fact at trial; rather, they were prepared primarily for the routine administration of non-adversarial matters before the United States Citizenship and Immigration Services. In consequence, the documents subject of this motion are non-testimonial and do not implicate the Confrontation Clause. Cf. Cabrera-Beltran, 660 F.3d at 753 ("The border-crossing information contained in the TECS records was registered merely to administer the affairs of the United States Customs and Border Patrol. This reason is entirely unrelated to 'proving some fact at trial.' The TECS records, thus, are non-testimonial."); see also United States v. Santos, 947 F.3d 711, 727

3

(11th Cir. 2020) ("[The] Form N-400 Application, . . . is a nontestimonial public record produced as a matter of administrative routine and for the primary purpose of determining eligibility for naturalization."); United States v. Farah, 475 F. App'x 1, 10 (4th Cir. 2007) (concluding that documents contained in an immigration file were not testimonial, where the documents' "primary purpose was to determine [ ] eligibility for an immigration benefit"); United States v. Fernandez-Gomez, 341 F. App'x 949, 950 (4th Cir. 2009) (holding that warrants of deportation are nontestimonial); United States v. Valdez–Maltos, 443 F.3d 910, 911 (5th Cir. 2006) (same); United States v. Bahena–Cardenas, 411 F.3d 1067, 1074–75 (9th Cir. 2005) (same); United States v. Phoeun Lang, 672 F.3d 17, 22-23 (1st Cir. 2012) (determining that an immigration document known as a Form N-445 was nontestimonial).

Accordingly, the court overruled defendant's objection grounded in the Confrontation Clause of the Sixth Amendment. Based on the foregoing, the court admitted government's exhibits eight, ten, 11, and 45 into evidence, over defendant's objection.

DATE: July 2, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge